1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

20

| DEANDRE LEWIS, | Case No.  1:21-cv-01653-NONE-EPG |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | ORDER FOR PLAINTIFF TO: |
| IRS, et al., | (1) FILE A FIRST AMENDED COMPLAINT; |
| Defendants. | (2) NOTIFY THE COURT THAT HE WISHES TO PROCEED ONLY ON HIS CLAIMS REGARDING FAILURE TO RECEIVE ECONOMIC IMPACT PAYMENTS; OR |
| | (3) NOTIFY THE COURT THAT HE WISHES TO STAND ON HIS COMPLAINT |
| | (ECF No. 1) |
| | THIRTY (30) DAY DEADLINE |

21

22

23

24

25

26

  Plaintiff Deandre Lewis is a state inmate proceeding *pro se* and *in forma pauperis* in this civil action. Plaintiff filed his complaint on November 15, 2021. (ECF No. 1). The complaint is now before this Court for screening.

  For the reasons given below, the Court finds that Plaintiff's claims against the IRS and the Department of Treasury[1] regarding his failure to receive economic impact payments should proceed past screening. The Court concludes that the complaint does not state any other claims.

27

28

---

[1] The Court is not making a determination that the IRS or the Department of Treasury are the appropriate Defendants for such a claim.

1

Plaintiff now has options as to how to proceed. Plaintiff may file an amended complaint if he believes that additional facts would state additional claims. If Plaintiff files an amended complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff may file a statement with the Court saying that he wants to go forward only on the claims found cognizable in this order. If Plaintiff files a statement that he wants to go forward only on these claims, the Court will authorize service of process on the IRS and the Department of Treasury and the case will proceed on the claims against these Defendants. Finally, Plaintiff may file a statement with the Court saying that he wants to stand on this complaint and have it reviewed by a district judge, in which case the Court will issue findings and recommendations to a district judge consistent with this order.

## I.     SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see Hulsey v. Mnuchin*, No. 21-cv-02280-PJH, 2021 WL 1561626, at *1 (N.D. Cal. Apr. 21, 2021) (screening similar allegations under § 1915A(a) brought against former United States Secretary of the Treasury Steven Mnuchin). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

1   factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

2   (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

3   this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are

4   not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

5   681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

6   legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

7       Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

8   pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

9   **II.      SUMMARY OF PLAINTIFF'S COMPLAINT**

10      Plaintiff filed his complaint on a "Civil Rights Complaint by a Prisoner" form. (ECF No.

11   1, p. 1). As for the right that Plaintiff asserts was violated, his single cause of action identifies no

12   federal civil right. (*Id.* at 3).

13      However, Plaintiff states that he has "not received 1, 2, or 3 of [his] CARES Act

14   government stimulus payment[s]." [2] (*Id.*). He requested a recent credit report from Experian and

15   TransUnion, informing them that his identity had been stolen, but no one wrote him back.

16   Plaintiff submitted two 14039 forms[3] to the Department of Identity Theft, but no one wrote him

17   back. (*Id.*). He also wrote letters to local and state agencies asking for help, but no one wrote him

18   back. He states that all Defendants have failed to intervene in the theft of his identity. (*Id.*).

19      As for relief, Plaintiff requests that the Defendants investigate his missing stimulus

20   payments and the IRS issue him his stimulus payments. (*Id.*).

21   **III.     ANALYSIS OF PLAINTIFF'S COMPLAINT**

22      **A. Statutes Providing Economic Impact Payments**

23      Three Federal Acts are implicated in this action: the Coronavirus Aid, Relief, and

24   Economic Security Act (CARES Act), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281

25   (2020); the Consolidated Appropriations Act, 2021 (CAA), passed on December 27, 2020, Pub.

26

27   [2] Minor alterations, such as altering punctuation, have been made to Plaintiff's quoted statements without indicating each specific change.
28   [3] Form 14039, provided by the Department of Treasury, is an affidavit used for victims of identity theft.

3

L. 116-260, 134 Stat. 1182 (2020); and the American Rescue Plan Act of 2021 (ARPA), passed on March 11, 2021, Pub. L. 117-2, 135 Stat. 4. Each of these acts provided for EIPs (or advanced refunds) to be issued to "eligible individual[s]": $1200.00 under the CARES Act, 26 U.S.C. § 6428(a)-(d); $600.00 under the CAA, 26 U.S.C. § 6428A(a)-(d); and $1400.00 under the ARPA, 26 U.S.C. § 6428B(a)-(d).

Under the CARES Act and CAA, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual with respect to whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428(d)(1)-(3); 26 U.S.C. § 6428A(d)(1)-(3). Under the ARPA, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual who is a dependent of another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428B(c)(1)-(3). Moreover, at least one court has held that incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

**B. Plaintiff's Claims**

Here, Plaintiff asserts that he has not received from the IRS and Department of Treasury any of the EIPs provided by the CARES Act, the CAA, or the ARPA. (ECF No. 1, p. 3) ("I have not received my 1, 2, or 3 of my CARES Act government stimulus payment[s].").

Given the legal discussion above, the Court will allow his claims against the IRS and the Department of Treasury for non-receipt of EIPs to proceed past the screening stage.[4]

---

[4] The Court notes that some courts have concluded that there is no private right of action under the CARES Act, the CAA, and the ARPA. *See, e.g., Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*, No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) ("[Plaintiff] has not pointed to any such statute nor has he referred the Court to any statutory or case law authority which would allow him to maintain an action against the United States under the CARES Act for receipt of specific non-disbursed funds. The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP."); *Walters v. Mnuchin*, No. 3:21-cv-275-JD-MGG, 2021 WL 2105387, at *4 (N.D. Ind. May 25, 2021) ("[T]here is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds. . . ."); *Harden v. Yellen*, No. 21-cv-0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021) (concluding there was no private cause of action for incarcerated plaintiff to recover EIPS under the CARES Act, the CAA, and the ARPA). However, at least one court has allowed a claim to proceed past screening concerning a plaintiff's failure

1    However, to the extent that Plaintiff alleges that the IRS, the Department of Treasury,

2    Experian, and TransUnion "failed to stop and/or intervene in the illegal theft of [his] identity,"

3    Plaintiff fails to state a claim. (ECF No. 1, p. 3). Plaintiff identifies no legal basis to bring a cause

4    of action (nor is the Court aware of any) against Defendants based on their alleged failure to stop

5    his alleged identity theft from occurring, nor does he explain his basis for concluding that his

6    identity was stolen. Accordingly, Plaintiff has failed to offer a short and plain statement showing

7    that he is entitled to relief in order to give the Defendants fair notice of what his claim is and the

8    grounds upon which it rests. *See Twombly*, 550 U.S. at 555 (discussing Fed. R. Civ. P. 8(a)(2)).

9    **IV.    CONCLUSION AND ORDER**

10    The Court has screened Plaintiff's complaint and finds that, for screening purposes,

11    Plaintiff's claims against the IRS and the Department of Treasury regarding Plaintiff's failure to

12    receive economic impact payments should proceed past screening. The Court finds that Plaintiff

13    fails to state any other cognizable claims.

14    Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give

15    leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with

16    time to file an amended complaint, so that Plaintiff can provide additional factual allegations.

17    *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an

18    amended complaint within thirty days.

19    If Plaintiff chooses to amend his complaint, in his amended complaint he must state what

20    each named defendant did that led to the deprivation of his constitutional or other federal rights.

21    Fed. R. Civ. P. 8(a); *Iqbal*, 556 U.S. at 678; *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

22    Plaintiff should note that although he has been given the opportunity to amend, it is not for

23    the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507

24    F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

25

26    to receive EIPs. *See Terry v. Yellen*, No. 3:21-cv-33, 2021 WL 2587237, at *2 (S.D. Ohio June 24, 2021)
(allowing claim for EIPs under the CARES Act, the CAA, and the ARPA to proceed past initial

27    screening). This Court has not found any precedent from the Ninth Circuit on this point. By allowing the
case to proceed past screening, the Court is not precluding Defendant from moving to dismiss based on a

28    lack of private right of action or any other grounds.

1    Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v.*

2    *Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in

3    itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an

4    amended complaint, as in an original complaint, each claim and the involvement of each

5    defendant must be sufficiently alleged. The amended complaint should be clearly and boldly

6    titled "First Amended Complaint," refer to the appropriate case number, and be an original signed

7    under penalty of perjury.

8    Plaintiff has choices on how to proceed. Plaintiff may file an amended complaint if he

9    believes that additional facts would state additional claims. If Plaintiff files an amended

10   complaint, the Court will screen that amended complaint in due course. Alternatively, Plaintiff

11   may file a statement with the Court saying that he wants to go forward only on the claims found

12   cognizable in this order. If Plaintiff files a statement that he wants to go forward only on these

13   claims, the Court will authorize service of process on the IRS and the Department of Treasury and

14   the case will proceed on the claims against these Defendants. Finally, Plaintiff may file a

15   statement with the Court saying that he wants to stand on this complaint and have it reviewed by

16   a district judge, in which case the Court will issue findings and recommendations to a district

17   judge consistent with this order.

18   Based on the foregoing, it is HEREBY ORDERED that:

19   1.    The Clerk of Court is respectfully directed to mail Plaintiff a *pro se* complaint for

20   a civil case (Form Number: Pro Se 1);

21   2.    Within thirty (30) days from the date of service of this order, Plaintiff shall either:

22        a.    File a First Amended Complaint;

23        b.    Notify the Court in writing that he wishes to proceed only on his claims

24   against the IRS and the Department of Treasury regarding Plaintiff's failure to receive

25   economic impact payments; or

26        c.    Notify the Court in writing that he wants to stand on this complaint;

27   3.    If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the

28   amended complaint "First Amended Complaint," refer to case number 1:21-cv-01653-

NONE-EPG; and

4.      Failure to comply with this order may result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   **December 3, 2021**                    /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE