UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE LEWIS,<br><br>             Plaintiff,<br><br>      v.<br><br>IRS, et al.,<br><br>             Defendants. | Case No. 1:21-cv-01653-NONE-EPG<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>ORDER VACATING ORDER AUTHORIZING SERVICE OF THE COMPLAINT<br><br>ORDER GRANTING LEAVE TO FILE AMENDED COMPLAINT<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF NOS. 8, 9, 11, 12) |

Plaintiff Deandre Lewis is a state inmate proceeding *pro se* and *in forma pauperis* in this civil action.

Plaintiff filed his complaint on November 15, 2021. (ECF No. 1). The Court screened Plaintiff's complaint on December 3, 2021. (ECF No. 5). The Court concluded that Plaintiff's claims against the IRS and the Department of Treasury regarding his failure to receive economic impact payments should proceed past screening but that the complaint failed to state any other claims. The Court allowed Plaintiff to choose between proceeding only on the claims found cognizable by the Court in the screening order, filing an amended the complaint, or standing on his complaint.

1

On December 17, 2021, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order. (ECF No. 7). Accordingly, on December 27, 2021, the Court issued findings and recommendations, recommending that all claims and defendants be dismissed, except for Plaintiff's claims against the IRS and the Department of Treasury regarding his failure to receive economic impact payments. (ECF No. 9). Additionally, the Court entered an order on this same date authorizing service of the complaint. (ECF No. 8).

### 1. Motion to Amend Complaint

However, on January 5, 2022, Plaintiff filed a motion to amend his complaint under Federal Rule of Civil Procedure 15(a) to add more facts and legal claims against Defendants Experian and Transunion, which Defendants the Court concluded in its screening order and findings and recommendations should be dismissed based on Plaintiff's failure to state a claim against them. (ECF No. 12). Under Rule 15(a)(1), a Plaintiff may amend his pleading once as a matter of right within twenty-one days of serving the pleading, and, "if the pleading is one to which a responsive pleading is required, [twenty-one] days after service of a responsive pleading or [twenty-one] days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Here, the docket reflects that no Defendant has yet been served. Accordingly, the Court will grant Plaintiff's motion to amend his complaint and vacate its findings and recommendations and order authorizing service of the initial complaint.

### 2. Motion to Appoint Counsel

Also, on January 5, 2022, Plaintiff filed a motion requesting that the court appoint him counsel based on his unspecified learning disability. (ECF No. 11). Attached to the motion is a form titled, "Valley State Prison Reasonable Accommodation Panal (RAP) Decision Effective Communication Confirmation." The form checks a box indicating that Plaintiff is "[l]earning disabled" and that a "CDCR 1824 RAP RESPONSE" was being read to Plaintiff in simple English spoken slowly and clearly. Plaintiff states that Title II of the Americans with Disabilities Act (ADA) requires "people with disabilities [to be given] an equal opportunity."

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

*Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. Notably, Plaintiff was able to sufficiently articulate some claims in his initial complaint that the Court found cognizable for screening purposes. Moreover, as Plaintiff intends to file an amended complaint, which will supersede his initial complaint, the Court is unable to evaluate the likelihood of success on the merits of any claim.  Lastly, even assuming Plaintiff has a qualifying disability under the ADA, Plaintiff has not shown that the ADA requires the Court to appoint him counsel, and other courts have denied similar arguments. *See Meeks v. Nunez*, No. 13CV973-GPC(BGS), 2017 WL 476425, at *4 (S.D. Cal. Feb. 6, 2017); *cf. Hudson v. Tyson Foods, Inc.*, No. 5:16-CV-402 (MTT), 2016 WL 11655175, at *1 (M.D. Ga. Sept. 20, 2016) ("There is no automatic right to appointed counsel in an ADA case.").

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED as follows:

1. The Court vacates its December 27, 2021 findings and recommendations (ECF No. 9).
2. The Court vacates its order authorizing service of the initial complaint (ECF No. 8). The Clerk shall provide a copy of the instant order to the United States Marshals Service, who is directed to NOT serve the initial complaint (ECF Nos. 1, 8).

3. Plaintiff's motion for leave to amend his complaint (ECF No. 12) is granted.

   a. Plaintiff shall file an amended complaint no later than February 4, 2021.

   b. Plaintiff shall caption the amended complaint "First Amended Complaint," refer to case number 1:21-cv-01653-NONE-EPG.

   c. Plaintiff is advised that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220.

   d. Plaintiff's amended complaint he must state what each named defendant did that led to the deprivation of his constitutional or other federal rights. Fed. R. Civ. P. 8(a); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

   e. After Plaintiff files an amended complaint, the Court will screen that amended complaint in due course.

4. Plaintiff's motion to appoint counsel (ECF No. 11) is denied without prejudice.

IT IS SO ORDERED.

Dated: **January 6, 2022**     /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE