1

2

3

4

5

6                              UNITED STATES DISTRICT COURT

7                              EASTERN DISTRICT OF CALIFORNIA

8

9
     DEANDRE LEWIS,                               Case No.  1:21-cv-01653-JLT-EPG
10
                         Plaintiff,               FINDINGS AND RECOMMENDATIONS,
11                                                RECOMMENDING THAT: (1) THIS CASE
            v.                                    PROCEED ONLY ON PLAINTIFF'S
12                                                CLAIMS REGARDING FAILURE TO
     IRS, et al.,                                 RECEIVE ECONOMIC IMPACT
13                                                PAYMENTS AGAINST DEFENDANTS IRS
                         Defendants.              AND THE DEPARTMENT OF TREASURY;
14                                                (2) THAT PLAINTIFF'S MOTION FOR
                                                  PRELIMINARY INJUNCTION BE DENIED;
15                                                AND (3) THAT PLAINTIFF'S OBJECTIONS
                                                  BE OVERRULED AS MOOT
16
                                                  (ECF No. 15, 17, 18)
17
                                                  OBJECTIONS, IF ANY, DUE WITHIN
18                                                TWENTY-ONE DAYS

19

20
            Plaintiff Deandre Lewis is a state inmate proceeding *pro se* and *in forma pauperis* in this
21
     civil action. Plaintiff filed his complaint on November 15, 2021, which the Court screened on
22
     December 3, 2021, finding cognizable claims against the IRS and the Department of Treasury
23
     regarding Plaintiff's failure to receive economic impact payments. (ECF No. 1, 5).
24
            After the Court permitted Plaintiff to choose between proceeding on these claims, filing
25
     an amended complaint, or standing on his initial complaint, Plaintiff chose to proceed on the
26
     cognizable claims. (ECF Nos. 5, 7). Accordingly, the Court issued findings and recommendations
27
     on December 27, 2021, consistent with the screening order. (ECF No. 9).
28

                                                   1

However, Plaintiff moved to amend his complaint on January 5, 2022, leading the Court to vacate its findings and recommendations to allow Plaintiff to file a first amended complaint. (ECF Nos. 12, 13). Plaintiff filed a first amended complaint on January 18, 2022, and a motion for preliminary injunction on January 27, 2022. (ECF No. 15, 17).  Plaintiff also filed objections on January 28, 2022, to the now-vacated findings and recommendations. (ECF No. 18).

For the reasons given below, the Court recommends that Plaintiff's claims against the IRS and the Department of Treasury[1] regarding Plaintiff's failure to receive economic impact payments proceed past screening, that all other claims be dismissed, that Plaintiff's motion for preliminary injunction be denied, and that Plaintiff's objections be overruled as moot.

Plaintiff has twenty-one days from the date of service of these findings and recommendations to file his objections.

## I.    SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see Hulsey v. Mnuchin*, No. 21-cv-02280-PJH, 2021 WL 1561626, at *1 (N.D. Cal. Apr. 21, 2021) (screening similar allegations under § 1915A(a) brought against former United States Secretary of the Treasury Steven Mnuchin). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court also screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that" the action is "frivolous or malicious" or "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

---

[1] The Court is not making a determination that the IRS or the Department of Treasury are the appropriate Defendants for such a claim.

2

1    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

2    conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

3    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient

4    factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*

5    (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting

6    this plausibility standard.  *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are

7    not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,

8    681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's

9    legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

10        Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

11    pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

12    **II.        SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

13        Plaintiff filed his first amended complaint on a "Civil Rights Complaint by a Prisoner"

14    form. (ECF No. 15, p. 1). In his first claim, Plaintiff states that he has not received economic

15    incentive payments (EIPS) under the CARES Act. (*Id.* at 3). Plaintiff submitted two 14039 forms[2]

16    to the Department of Identity Theft, but no one wrote him back. (*Id.*). He also wrote letters to

17    local and state agencies asking for help, but no one responded. He states that all Defendants have

18    failed to intervene in the theft of his identity. (*Id.*).

19        In his second claim, Plaintiff states he began contacting Experian and TransUnion in July

20    2021 regarding the theft of his identity. (*Id.* at 4). Plaintiff continued to try to report his identity

21    theft which "trigger[ed] mandatory reporting and response requirements under state civil statute

22    and federal credit protection laws." (*Id.*). Such statutes "have created a process which impacts

23    Plaintiff's liberty and property interests." (*Id.*). These Defendants' failure to follow the statutes

24    denied Plaintiff due process under the Federal Constitution. (*Id.*).

25        As for relief, Plaintiff requests that he receive his EIPs, damages from Experian and

26    TransUnion's lack of action, punitive damages, and any other relief the Court sees fit. (*Id.* at 5).

27

28    ---
[2] Form 14039, provided by the Department of Treasury, is an affidavit used for victims of identity theft.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.      ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A.  Statutes Providing Economic Impact Payments

Three Federal Acts are implicated in Plaintiff's first claim: the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020); the Consolidated Appropriations Act, 2021 (CAA), passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020); and the American Rescue Plan Act of 2021 (ARPA), passed on March 11, 2021, Pub. L. 117-2, 135 Stat. 4. Each of these acts provided for EIPs (or advanced refunds) to be issued to "eligible individual[s]": $1200.00 under the CARES Act, 26 U.S.C. § 6428(a)-(d); $600.00 under the CAA, 26 U.S.C. § 6428A(a)-(d); and $1400.00 under the ARPA, 26 U.S.C. § 6428B(a)-(d).

Under the CARES Act and CAA, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual with respect to whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428(d)(1)-(3); 26 U.S.C. § 6428A(d)(1)-(3). Under the ARPA, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual who is a dependent of another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428B(c)(1)-(3). Moreover, at least one court has held that incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

#### B.  Plaintiff's Claims

##### 1.      Failure to receive EIPs

Here, Plaintiff asserts that he has not received from the IRS and Department of Treasury the EIP provided for by (at the least) the CARES Act. (ECF No. 15, p. 3) ("Plaintiff ha[s] not received his EIPs under the CARES Act that Plaintiff is eligible for.").

Given the legal discussion above, the Court will allow his claims against the IRS and the

1  Department of Treasury for non-receipt of EIPs to proceed past the screening stage.[3]

2  ## 2.    FRCA and Due Process

3  However, to the extent that Plaintiff alleges that the IRS, the Department of Treasury,

4  Experian, and TransUnion "failed to stop [] and/or intervene in the illegal theft of [his] identity,"

5  Plaintiff fails to state a claim. (ECF No. 1, p. 3). Plaintiff identifies no legal basis to bring a cause

6  of action (nor is the Court aware of any) against Defendants based on their alleged failure to stop

7  his alleged identity theft from occurring, nor does he explain his basis for concluding that his

8  identity was stolen.

9  As an initial matter, while Plaintiff's second claim asserts that state and federal statutes

10  required action by Experian and TransUnion in response to Plaintiff's notice that he had his

11  identity stolen, Plaintiff does not identify any specific provision that applies, how Defendants

12  failed to comply with it, and what harm he suffered. Rather, the only statute the Plaintiff generally

13  identifies is the Fair Credit Reporting Act (FCRA). (ECF No. 15, p. 4).

14  Congress enacted the Fair Credit Report (FRCA), which requires consumer reporting

15  agencies (CRA) to maintain "reasonable procedures" designed "to assure maximum possible

16  accuracy of the information" contained in credit reports, 15 U.S.C. § 1681e(b), and to "limit the

17  furnishing of [such reports] to" certain statutorily enumerated purposes, § 1681e(a), as provided

18  under § 1681b. The FCRA also requires CRAs to reinvestigate credit report information that a

19  _____

20  [3] The Court notes that some courts have concluded that there is no private right of action under the CARES Act, the CAA, and the ARPA. *See, e.g., Puckett v. U.S. Dep't of Treasury Internal Revenue Serv.*,

21  No. 1:21 CV 425, 2021 WL 2550995, at *2 (N.D. Ohio June 22, 2021) ("[Plaintiff] has not pointed to any such statute nor has he referred the Court to any statutory or case law authority which would allow him to maintain an action against the United States under the CARES Act for receipt of specific non-disbursed

22  funds. The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP."); *Walters v. Mnunchin*, No. 3:21-cv-275-JD-MGG, 2021 WL

23  2105387, at *4 (N.D. Ind. May 25, 2021) ("[T]here is no suggestion there is a private cause of action under the CARES Act for receipt of specific non-disbursed funds. . . ."); *Harden v. Yellen*, No. 21-cv-

24  0362-BHL, 2021 WL 1515478, at *2 (E.D. Wis. Apr. 16, 2021) (concluding there was no private cause of action for incarcerated plaintiff to recover EIPS under the CARES Act, the CAA, and the ARPA).

25  However, at least one court has allowed a claim to proceed past screening concerning a plaintiff's failure to receive EIPs. *See Terry v. Yellen*, No. 3:21-cv-33, 2021 WL 2587237, at *2 (S.D. Ohio June 24, 2021)

26  (allowing claim for EIPs under the CARES Act, the CAA, and the ARPA to proceed past initial screening). This Court has not found any precedent from the Ninth Circuit on this point. By allowing the

27  case to proceed past screening, the Court is not precluding Defendant from moving to dismiss based on a lack of private right of action or any other grounds.

28

5

consumer disputes as incomplete or accurate, § 1681i(a)(1)(A), and to "block" the reporting of information that a consumer claims was the result of identity theft, § 1681c–2(a). Injured consumers may file a private right of action to recover "any actual damages" caused by negligent violations and both actual and punitive damages for willful noncompliance. *See* §§ 1681n, 1681o; *Doster v. Experian Info. Sols., Inc.*, No. 16-CV-04629-LHK, 2017 WL 264401, at *3 (N.D. Cal. Jan. 20, 2017) ("The FCRA creates a private right of action for willful or negligent noncompliance with . . . § 1681i."). Both Experian and TransUnion are CRAs. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 882 (9th Cir. 2010) (identifying Experian Information Solutions, Inc., and TransUnion, LLC as CRAs).

Construing Plaintiff's allegations liberally, he fails to state a claim under the FRCA. As for § 1681i(a)(1), a credit reporting agency (CRA) must "conduct a reasonable reinvestigation" within thirty days from when a consumer notifies the agency of a dispute as to the completeness or accuracy of any item of information contained in the consumer's file at the CRA. Additionally, under § 1681i-(a)(2)(A), a CRA is required to "provide notification of the dispute to any person who provided any item of information in dispute." Here, while Plaintiff generally alleges that he attempted to report identity theft to Defendants, he does not allege that he notified them of disputed information in his consumer file, which would only then trigger a duty to investigation and notify the furnisher of that information about the dispute.

As for § 1681c-2, a person may initiate a block of information by a CRA resulting from alleged identity theft as follows:

> Except as otherwise provided in this section, a consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identifies as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—
> (1) appropriate proof of the identity of the consumer;
> (2) a copy of an identity theft report;
> (3) the identification of such information by the consumer; and
> (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

§ 1681c-2(a). Once again, while Plaintiff has generally alleged that he notified Defendants of his alleged identity theft, he fails to identify any information in his consumer file that was the result

of identity theft, nor does he allege that he followed the steps required by the statue, *e.g.*, providing appropriate proof of his identity.

Lastly, Plaintiff fails to explain, and the Court sees no basis to conclude, that any constitutional due process concerns are implicated by the conduct of Experian and TransUnion. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989) ("[N]othing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors. The Clause is phrased as a limitation on the State's power to act, not as a guarantee of certain minimal levels of safety and security. It forbids the State itself to deprive individuals of life, liberty, or property without 'due process of law,' but its language cannot fairly be extended to impose an affirmative obligation on the State to ensure that those interests do not come to harm through other means."); *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982) ("The Due Process Clause of the Fifth Amendment applies to actions of the federal government and not to individual activities of private actors.").

## IV.   MOTION FOR PRELIMINARY INJUNCTION

Plaintiff's motion for preliminary injunction states that the mailroom at Valley State Prison has sent his mail to the Court as "standard mail" without asking Plaintiff or sending it back to him.[4] (ECF No. 17, p. 1). Plaintiff cites, Local Rule 133(d)(1), which governs the delivery of paper documents to the Clerk. Plaintiff seeks an injunction requiring Valley State Prison to "not send out mail that is address[ed] to this Court as legal mail as standard." (*Id.* at 2). Plaintiff provides a copy of Cal. Code Regs. tit. 15, § 3142, which is a prison regulation that governs the processing of confidential mail, such as instructions for how to address mail deemed confidential. It is not entirely clear what Plaintiff believes is happening with his mail or what conduct he challenges, but, as best as the Court can tell, Plaintiff believes his mail to the Court should be regarded as "confidential legal mail."

\\\

---

[4] Plaintiff's motion is listed as a "request for a temporary injunction," which the Court construes as a motion for a preliminary injunction. However, the Court has also addressed the requirements for a temporary restraining order to the extent that Plaintiff intended his filing as such.

1

### A.  Legal Standards

2          A federal district court may issue emergency injunctive relief only if it has personal

3 jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros.,*

4 *Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party

5 officially, and is required to take action in that capacity, only upon service of summons or other

6 authority-asserting measure stating the time within which the party served must appear to

7 defend."). The court may not attempt to determine the rights of persons not before it.  *See, e.g.,*

8 *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d

9 719, 727-28 (9th Cir. 1983); *see also Califano v. Yamasaki*, 442 U.S. 682, 702 (1979) (injunctive

10 relief must be "narrowly tailored to give only the relief to which plaintiffs are entitled"). Under

11 Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action,"

12 their "officers, agents, servants, employees, and attorneys," and "other persons who are in active

13 concert or participation."  Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive

14 relief based on claims not pled in the complaint, the court does not have the authority to issue an

15 injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir.

16 2015).

17          A temporary restraining order may issue without written or oral notice to the adverse party

18 or its attorney only if:

19          (A) specific facts in an affidavit or a verified complaint clearly show that
            immediate and irreparable injury, loss, or damage will result to the movant before
20          the adverse party can be heard in opposition; and

21          (B) the movant's attorney certifies in writing any efforts made to give notice and
            the reasons why it should not be required.

22 Fed. R. Civ. P. 65(b)(1)(A)-(B).

23          On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is

24 likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of

25 preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the

26 public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736-37 (2015) (quoting *Winter v. Natural*

27 *Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that

28

1    irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance*

2    *for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

3        **B.   Analysis**

4        The Court will recommend that Plaintiff's motion for injunctive relief be denied.  First,

5    the complaint has not been served nor has any Defendant yet appeared. *See Waterbury v.*

6    *Scribner*, No. 1:05-cv-000764-LJO DLB, 2007 WL 781877, at *1 (E.D. Cal. Mar. 13, 2007)

7    ("Plaintiff is not entitled to preliminary injunctive relief until such time as the named defendants

8    have been served with the summons and complaint.").

9        A temporary restraining order may be granted without written or oral notice if (1) specific

10   facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury,

11   loss, or damage will result to the movant before the adverse party can be heard in opposition and

12   (2) the movant's attorney (or Plaintiff in this case as he is appearing *pro se*) certifies in writing

13   any efforts made to give notice and the reasons why it should not be required. However, Plaintiff

14   has not satisfied either requirement here.

15       Second, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not

16   legal mail" that is subject to confidentiality. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996),

17   *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *see also Hayes v. Idaho*

18   *Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017) ("When a prisoner receives confidential legal

19   mail that has been opened and re-sealed, he may understandably be wary of engaging in future

20   communication about privileged legal matters."). Likewise, filings by litigants in a federal case

21   "are a matter of public record and are not confidential legal mail." *Zamaro v. Moonga*, No. 1:09-

22   CV-00580-GSA PC, 2009 WL 5197851, at *2 (E.D. Cal. Dec. 22, 2009), *aff'd*, 656 F. App'x 297

23   (9th Cir. 2016). Accordingly, Valley State Prison has no obligation to treat mail addressed to this

24   Court as "confidential legal mail."

25       **V.    CONCLUSION AND RECOMMENDATIONS**

26       The Court has screened Plaintiff's first amended complaint and finds that, for screening

27   purposes, Plaintiff's claims against the IRS and the Department of Treasury regarding Plaintiff's

28   failure to receive economic impact payments should proceed past screening. The Court finds that

1  Plaintiff fails to state any other cognizable claims. The Court likewise concludes that Plaintiff's
2  motion for preliminary injunction should be denied.

3      The Court previously explained to Plaintiff the deficiencies in his initial complaint,
4  provided Plaintiff with relevant legal standards, and provided Plaintiff an opportunity to amend
5  his complaint. As Plaintiff filed his first amended complaint with the benefit of the information
6  provided by the Court, further leave to amend would be futile.

7      Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

8      1.      This case proceed on Plaintiff's claims against the IRS and the Department of
9  Treasury regarding Plaintiff's failure to receive economic impact payments;

10     2.      All other claims be dismissed for failure to state a claim upon which relief may be
11 granted;

12     3.      The Clerk of Court be directed to terminate Defendants Experian and Transunion
13 be from the docket;

14     4.      Plaintiff's motion for preliminary injunction (ECF No. 17) be denied; and

15     5.      Plaintiff's objections (ECF No. 18) to the vacated findings and recommendations
16 (ECF No. 9) be overruled as moot.

17     These findings and recommendations will be submitted to the United States District Judge
18 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one
19 (21) days after being served with these findings and recommendations, Plaintiff may file written
20 objections with the Court. The document should be captioned "Objections to Magistrate Judge's
21 Findings and Recommendations." Plaintiff is advised that failure to file objections within the
22 specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834,
23 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

24
25 IT IS SO ORDERED.

26  Dated:   **February 8, 2022**            /s/ Erica P. Grosjean
27                                   UNITED STATES MAGISTRATE JUDGE
28