|    |    |
|----|----|
| DEANDRE LEWIS, | ) Case No.: 1:21-cv-1653 JLT EPG |
| Plaintiff, | ) ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, GRANTING LEAVE TO AMEND THE CLAIM FOR ECONOMIC IMPACT PAYMENTS, AND DENYING PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF |
| v. |  |
| IRS, et al., |  |
| Defendants. | ) (Docs. 17, 19) |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Deandre Lewis is a state prisoner and asserts that he suffered identity theft and did not receive economic impact payments to which he was entitled under the Coronavirus Aid, Relief, and Economic Security Act. (*See generally* Doc. 15.) Plaintiff also seeks a preliminary injunction regarding alleged inference with his mail by prison officials. (Doc. 17.)

On February 8, 2022, the assigned magistrate judge reviewed Plaintiff's First Amended Complaint and found he stated cognizable claims against the IRS and the Department of Treasury regarding the failure to receive economic impact payments. (Doc. 19 at 4.) However, the magistrate judge determined Plaintiff failed to state a claim against Experian and TransUnion. (*Id.* at 5-7.) Therefore, the magistrate judge recommended the action proceed only against the IRS and the Department of Treasury, and Experian and TransUnion be terminated as defendants. (*Id.* at 10.) Additionally, the magistrate judge recommended the request for injunctive relief be denied because the

1

complaint has yet not been served on any party and "Valley State Prison has no obligation to treat mail addressed to this Court as 'confidential legal mail.'" (Doc. 19 at 9.) On March 4, 2022, Plaintiff filed objections to the Findings and Recommendations, again asserting that his credit was damaged and he attempted to inform credit reporting agencies of identity theft. (Doc. 20 at 1-2.) Plaintiff did not respond to the recommendation that injunctive relief be denied. (*See id.*)

**I.      Claim for Economic Impact Payments**

Plaintiff asserts alleges he has "not received his EIPs under the CARES Act, that Plaintiff is eligible for." (Doc. 15 at 3.) He asserts the defendants are "withholding … required monetary payments required by law" and seeks the payment of all EIP money owed. (*Id.* at 3, 5.)

**A.      Economic Impact Payments**

In response to the COVID-19 pandemic, three federal acts provided economic impact payments ("EIPs") to eligible individuals. Payments in the amount of $1,200 per individual were made under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020). 26 U.S.C. 23 § 6428(a)-(d). Payments in the amount of $600.00 were issued under the Consolidated Appropriations Act, 2021, passed on December 27, 2020, Pub. L. 116-260, 134 Stat. 1182 (2020). 26 U.S.C. § 6428A(a)-(d). Finally, payments in the amount of $1,400 were made under the American Rescue Plan Act of 2021, passed March 11, 2021, Pub. L. 117-2, 135 Stat. 4. 26 U.S.C. § 6428B(a)-(d). Plaintiff asserts he was entitled to the EIPs under the CARES Act but did not received them. (Doc. 15 at 3.) It is unclear whether Plaintiff believes he is also owed the EIPs issued under the Consolidated Appropriations Act and American Rescue Plan Act.

**B.      Payments under the CARES Act**

The CARES Act established a mechanism for the IRS to issue economic impact payments to eligible individuals in the form of a tax credit. *Scholl v. Mnuchin (Scholl I)*, 489 F. Supp. 3d 1008, 1020 (N.D. Cal. 2020), *appeal dismissed*, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). Under Section 6428(a), eligible individuals could receive a tax credit in the amount of $1,200. *Scholl I*, 489 F. Supp. 3d at 1020 (citing 26 U.S.C. § 6424(a)). This amount is credited against the individual's federal income tax for the year 2020. *Id.* For purposes of the CARES Act, eligible individual includes "any

individual" other than: (1) a nonresident alien individual, (2) an individual who is allowed as a dependent deduction on another taxpayer's return, or (3) an estate or trust. *Id.* at 1021 (citing 26 U.S.C. § 6424(d)). Incarcerated persons—such as Plaintiff— were "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin (Scholl II)*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

The CARES Act provides that "each individual who was an eligible individual for such individual's first taxable year beginning in 2019 shall be treated as having made a payment against the tax imposed by chapter 1 for such taxable year in an amount equal to the advance refund amount for such taxable year." *Scholl II*, 494 F. Supp. 3d at 670 (quoting 26 U.S.C. § 6428(f)(1)). Therefore, "if an eligible individual filed a tax return in 2018 or 2019 or filed one of the enumerated Social Security forms, then the Act directs the IRS to treat those taxpayers as eligible for an advance refund of the tax credit." *Id.*

Plaintiff reports he is incarcerated and the defendants did not issue his EIPs (Doc. 15 at 3.) Importantly, however, Congress provided that "[n]o refund or credit shall be made or allowed under this subsection after December 31, 2020." 26 U.S.C. § 6428(f)(3)(A). Thus, the CARES Act imposed a clear deadline of December 31, 2020 for making any economic impact payments. *Id*; *see also Scholl I*, 489 F. Supp. 3d at 1043 ("The CARES Act places an unambiguous deadline on advance refund payments of December 31, 2020."). That deadline expired nearly a year before Plaintiff filed his complaint on November 15, 2021 (Doc. 1), and no more funds may be issued. Accordingly, the Court finds Plaintiff is unable to state a cognizable claim—and the Court is unable to grant the relief requested—under the CARES Act.

### C.      Jurisdictional Issues

The Government has waived its sovereign immunity with respect to civil actions seeking a refund or credit on overpaid taxes. *See* 28 U.S.C. § 1346(a)(1); *see also Imperial Plan, Inc. v. United States*, 95 F.3d 25, 26 (9th Cir. 1996). The Government's consent to suit is limited as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected … until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). Consequently, before filing suit in federal court for a tax credit or refund, a

taxpayer must file an administrative claim with the IRS. *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008); *Omohundro v. United States*, 300 F.3d 1065, 1066 (9th Cir. 2002); *see also* 26 U.S.C. § 7422(a).

Furthermore, a taxpayer must file a refund claim with the IRS, within the time limits established by the Internal Revenue Code. *Northern Life Ins. Co. v. United States*, 685 F.2d 277, 279 (9th Cir. 1982) ("filing of a timely claim is jurisdictional for a refund suit and cannot be waived"); *Crimson v. United States*, 550 F.2d 1205, 1206 (9th Cir. 1977) (affirming dismissal for lack of jurisdiction where the plaintiffs did "not file[] a proper claim for a refund within the statuary time period"). Thus, "[a] taxpayer's failure to file an administrative claim within the time periods imposed by statute divests the district court of jurisdiction over an action for a refund or credit." *Omohundro*, 300 F.3d at 1066-67; *Danoff v. United States*, 324 F. Supp. 2d 1086, 1092 (C.D. Cal. 2004). The IRS has six months to either reject or elect to not act upon the claim. *Thomas v. United States*, 755 F.2d 728, 729 (9th Cir. 1985) (citations omitted).

Plaintiff does not allege he filed tax returns or submitted a proper administrative claim for a refund for EIPs with the IRS. Instead, Plaintiff alleges only that he submitted forms concerning identity theft to the "Department of Identity Theft" and wrote letters to unidentified state and local agencies and the Department of the Treasury "asking them for help." (Doc. 15 at 3.) Plaintiff also fails to allege facts sufficient for the Court to determine these communications could satisfy the administrative claim requirement. For example, there is no information provided regarding when the letters were sent; if the information was submitted under penalty of perjury; and what evidence, if any, he submitted to the IRS to support a request for the payment of EIPs. *See* 26 C.F.R. § 301.6402-2(b); *Provenzano v. United States,* 123 F. Supp. 2d 554, 557-58 (S.D. Cal. 2020); *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007). This is significant because a taxpayer cannot recover in a lawsuit "for refund on a different ground than that set forth in the claim for refund." *Dunn & Black, P.S.*, 492 F.3d at 1091 (emphasis, citation omitted).

Moreover, the allegation are insufficient to determine Plaintiff complied with the requirements of Section 6532(a), which provides: "No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from

the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time…" 26 U.S.C. § 6532(a). Because the facts alleged are insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a), it appears the Court lacks jurisdiction over any claim for EIPs in the form of a tax refund.

### D.      Proper Defendant

Pursuant to Section 7422, a suit for refund "may be maintained only against the United States." 26 U.S.C. § 7422(f)(1); *see also Zinda v. Johnson,* 463 F. Supp. 2d 45, 48 (D.D.C. 2006) ("suits for tax refunds or damages should be brought against the United States"). Consequently, the United States is the proper defendant—to the extent Plaintiff seeks a EIPs in the form of a tax refund—rather than the IRS or Department of Treasury.

## II.     Claims against Experian and TransUnion

Plaintiff seeks to state a claim for "due process under [the] Fair Credit Reporting Act" against Experian and TransUnion. (Doc. 15 at 4.) According to Plaintiff, the defendants "did not follow… mandated requirements" under state and federal law to address individual identity theft claims. (*Id.*) However, as the magistrate judge observed, Plaintiff does not identify any specific state or federal statutes that required action by Experian and TransUnion. (Doc. 19 at 5.)

To the extent Plaintiff relied upon the Fair Credit Reporting Act, the magistrate judge found Plaintiff did "not allege that he notified them of disputed information in his consumer file, which would only then trigger a duty to investigation and notify the furnisher of that information about the dispute." (Doc. 19 at 6.) The magistrate judge also observed that Plaintiff did not "identify any information in his consumer file that was the result of identity theft, nor does he allege that he followed the steps required by the statue, e.g., providing appropriate proof of his identity." (*Id.* at 6-7.) Further, the magistrate judge determined there was no basis to conclude the conduct of Experian and TransUnion implicated constitutional due process concerns. (*Id.* at 7, citing *e.g., DeShaney v. Winnebago Cty. Dep't of Soc. Servs*., 489 U.S. 189, 195 (1989); *Rank v. Nimmo*, 677 F.2d 692, 701 (9th Cir. 1982).)

Plaintiff's objections do not contain any additional allegations such that the Court may determine the pleading deficiencies for the claims against Experian and TransUnion could be cured by amendment. The Court finds the analysis by the magistrate judge is proper and supported by the

record.  Therefore, the Court adopts the recommendation that the claims against Experian and TransUnion be dismissed without leave to amend.

### III.     Injunctive Relief

Plaintiff's asserts the mailroom at Valley State Prison sent his Court mail as "standard mail" without asking or sends it back to him.  (Doc. 17 at 1.)  Plaintiff seeks an injunction requiring Valley State Prison to "not send out mail that is address[ed] to this Court as legal mail as standard." (*Id.* at 2.)  As the magistrate judge observed, injunctive relief is not appropriate because the complaint has not been served, and no defendants have appeared.  (Doc. 19 at 9, citing *Waterbury v. Scribner*, 2007 WL 781877, at *1 (E.D. Cal. Mar. 13, 2007) ["Plaintiff is not entitled to preliminary injunctive relief until such time as the named defendants have been served with the summons and complaint"].)  In addition, the magistrate judge noted that "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail" that is subject to confidentiality."  (*Id.*, citing *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *opinion amended on denial of reh'g*, 135 F.3d 1318 (9th Cir. 1998); *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1210 (9th Cir. 2017).)

Plaintiff did not object to the recommendation that his request for injunctive relief be denied. (*See* Doc. 20 at 1-2.) The Court finds the analysis related to injunctive relief is proper and supported by the record.  Therefore, the Court adopts the recommendation that the request be denied.

### IV.     Leave to Amend the Claim for EIPs

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires," bearing in mind "the underlying purpose of Rule 15 to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (alterations, internal quotation marks omitted).  When dismissing a complaint for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1130 (internal quotation marks omitted).  Accordingly, leave to amend generally shall be denied only if allowing amendment would unduly prejudice the opposing party, cause undue delay, or be futile, or if the moving party has acted in bad faith. *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 532 (9th Cir. 2008).

Due to the sparsity of allegations in the complaint, the Court has insufficient information to conclude that amendment of the claim for economic impact payments is futile. Plaintiff's ability seek relief under the CARES Act and the jurisdictional issues identified above were not previously addressed in the screening orders. Amendment would allow the Court to clarify whether he complied with the jurisdictional requirements. Furthermore, it does not appear that allowing amendment would cause undue delay at this juncture, and there is no evidence the plaintiff acted in bad faith. Thus, leave to amend is appropriate, and Plaintiff will be granted **one opportunity** to allege facts sufficient to state a cognizable claim for economic impact payments **and support a conclusion that this Court has jurisdiction over the matter**. *See Strojnik v. Wickstrom Hospitality, LLC*, 2020 WL 1467067, at *7 (E.D. Cal. Mar. 25, 2020) (granting leave to amend to address jurisdictional deficiencies).

## V.     Conclusion and Order

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and *Britt v. Simi Valley United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court conducted a de novo review of this case. Based upon the foregoing, the Court **ORDERS**:

1. The Court adopts in part the Findings and Recommendations dated February 8, 2022 (Doc. 19).
2. Plaintiff's motion for injunctive relief (Doc. 17) is **DENIED**.
3. Plaintiff's claim for economic impact payments is **DISMISSED with leave to amend**.
4. Plaintiff's claim for due process violations under the Fair Credit Reporting Act is **DISMISSED without leave to amend**.
5. Experian and TransUnion are **DISMISSED** as defendants.
6. The Clerk of Court is directed to update the docket and terminate Experian and TransUnion as defendants in the matter.
7. Plaintiff is granted leave to amend **only** his claim for economic impact payments.
8. Plaintiff **SHALL** file any Third Amended Complaint—including facts sufficient to invoke this Court's jurisdiction— within 30 days of the date of service of this Order. **Plaintiff is advised that failure to comply with this Order will result in the dismissal of the action**.

9. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **May 9, 2022**

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE