UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEANDRE LEWIS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>IRS, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01653-JLT-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT FURTHER LEAVE TO AMEND<br><br>(ECF No. 22)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

Plaintiff Deandre Lewis is a state inmate proceeding *pro se* and *in forma pauperis* in this civil action. Plaintiff filed his complaint on November 15, 2021, which the Court screened on December 3, 2021, finding cognizable claims against the IRS and the Department of Treasury regarding Plaintiff's failure to receive any economic impact payment (EIP) under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), passed on March 27, 2020, Pub. L. 116-136, 134 Stat. 281 (2020). (ECF Nos. 1, 5).

After the Court permitted Plaintiff to choose between proceeding on these claims, filing an amended complaint, or standing on his initial complaint, Plaintiff chose to proceed on the cognizable claims. (ECF Nos. 5, 7). Accordingly, the Court issued findings and recommendations on December 27, 2021, consistent with the screening order. (ECF No. 9).

However, Plaintiff moved to amend his complaint on January 5, 2022, leading the Court to vacate its findings and recommendations to allow Plaintiff to file a first amended complaint.

1

1  (ECF Nos. 12, 13). Plaintiff filed a first amended complaint on January 18, 2022, and a motion
2  for preliminary injunction on January 27, 2022. (ECF No. 15, 17).

3        The Court screened the first amended complaint on February 8, 2022, finding cognizable
4  claims against the IRS and the Department of Treasury regarding Plaintiff's failure to receive any
5  EIP and recommending denial of all other claims and the motion for preliminary injunction. (ECF
6  No. 19). Plaintiff filed objections on March 4, 2022. (ECF No. 20). Upon review, the District
7  Judge overruled Plaintiff's objections and adopted the findings and recommendations, in part,
8  concluding that Plaintiff stated no cognizable claim under CARES, but permitting Plaintiff leave
9  to amend, specifically directing him to include allegations establishing the Court's jurisdiction for
10 a tax refund action against the United States. (ECF No. 21).

11       On May 25, 2022, Plaintiff filed a second amended complaint against the IRS and the
12 Department of Treasury again asserting that he has not received any EIP under the CARES Act.
13 (ECF No. 22). For the reasons given below, the Court recommends that Plaintiff's claims against
14 the IRS and the Department of Treasury regarding his failure to receive any EIP be dismissed
15 without further leave to amend.

16       Plaintiff has twenty-one days from the date of service of these findings and
17 recommendations to file his objections.

18 **I.  SCREENING REQUIREMENT**

19       The Court is required to screen complaints brought by prisoners seeking relief against a
20 governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *see*
21 *Hulsey v. Mnuchin*, No. 21-cv-02280-PJH, 2021 WL 1561626, at *1 (N.D. Cal. Apr. 21, 2021)
22 (screening similar allegations under § 1915A(a) brought against former United States Secretary of
23 the Treasury Steven Mnuchin). The Court must dismiss a complaint or portion thereof if the
24 prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon
25 which relief may be granted, or that seek monetary relief from a defendant who is immune from
26 such relief. 28 U.S.C. § 1915A(b)(1), (2). As Plaintiff is proceeding *in forma pauperis*, the Court
27 also screens the complaint under 28 U.S.C. § 1915. (ECF No. 3). "Notwithstanding any filing fee,
28 or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the

1  court determines that" the action is "frivolous or malicious" or "fails to state a claim upon which
2  relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

3        A complaint is required to contain "a short and plain statement of the claim showing that
4  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not
5  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere
6  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*
7  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A plaintiff must set forth "sufficient
8  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.*
9  (quoting *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting
10 this plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are
11 not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677,
12 681 (9th Cir. 2009) (citation and internal quotation marks omitted). Additionally, a plaintiff's
13 legal conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

14       Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal
15 pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

16 **II.    SUMMARY OF PLAINTIFF'S SECOND AMENDED COMPLAINT**

17       Plaintiff filed his second amended complaint on a "Civil Rights Complaint by a Prisoner"
18 form. (ECF No. 22, p. 1). In his first claim, Plaintiff states that he has not received any EIP under
19 the CARES Act that he is eligible for. (*Id.* at 3). Plaintiff submitted two 14039 forms[1] to the
20 Department of the Treasury Identity Theft on July 16, 2021, and July 26, 2021, but no one wrote
21 him back. (*Id.*). He also wrote to the Department of the Treasury in Washington D.C. on July 20,
22 2021, asking for help, but no one wrote him back. (*Id.*). He asserts that the Defendants failed to
23 stop or intervene in the illegal theft of his EIP. (*Id.*).

24       As for relief, Plaintiff requests that Defendants properly investigate his missing EIP and
25 for the EIP to be issued to him. (*Id.* at 4).

26 \\\

27

28 [1] Form 14039, provided by the Department of Treasury, is an affidavit used for victims of identity theft.

### III. ANALYSIS OF PLAINTIFF'S COMPLAINT

#### A. Standards Regarding Economic Impact Payments

The CARES Act provided for EIPs of $1200 (or advanced refunds) to be issued to "eligible individual[s]." 26 U.S.C. § 6428(a)-(d). Under the CARES Act, an "eligible individual" is any individual other than (1) a nonresident alien, (2) "any individual with respect to whom a deduction under [26 U.S.C. § 151] is allowable to another taxpayer for a taxable year beginning in the calendar year in which the individual's taxable year begins," and (3) an estate or trust. 26 U.S.C. § 6428(d)(1)-(3). Moreover, at least one court has held that incarcerated persons are "eligible individuals" to receive EIPs under the CARES Act. *Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 689 (N.D. Cal. 2020).

The CARES Act provides that "[n]o refund or credit shall be made or allowed . . . after December 31, 2020." 26 U.S.C. § 6428(f)(3). And courts have concluded that a Plaintiff may not pursue relief for a non-issued EIP through the CARES act after the expiration of this deadline. *Lovo v. Internal Revenue Serv.*, No. 1:22-CV-00220-AWI-SAB, 2022 WL 1425489, at *6 (E.D. Cal. May 5, 2022) (noting cases rejecting relief under CARES Act after deadline for distribution of EIPs expired).

However, a plaintiff may be able to pursue a tax-refund action against the United States, given that the United States has "consent[ed] to be sued in the district court for refund of taxes." *Id.* (citing 28 U.S.C. § 1346(a)(1)). But before filing suit, a plaintiff must comply with 26 U.S.C. § 7422(a), which provides as follows:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a). IRS regulations require an administrative claim be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid." 26 U.S.C. § 6511(a). Moreover, there are timing limitations that govern a later

4

lawsuit:

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

26 U.S.C. § 6532(a)(1).

In short, "before filing suit in federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund scheme established in the Code by filing an administrative claim with the IRS," and "the taxpayer must file a refund claim with the IRS within the time limits established by the Internal Revenue Code." *Lovo*, 2022 WL 1425489, at *7. Absent such compliance, the district court lacks jurisdiction over the suit. *Id.*

### B. Plaintiff's Claim

Here, Plaintiff asserts that he has not received from the IRS and Department of Treasury any EIP provided for by the CARES Act. (ECF No. 22, p. 3) ("Plaintiff ha[s] not received his EIP under the CARES Act that Plaintiff is eligible for."). And Plaintiff asserts that he has submitted identify theft forms and letters to the Department of Treasury asking for help, but no one has written him back. These allegations are insufficient to establish this Court's jurisdiction.

Rather, as the District Judge concluded in evaluating Plaintiff's previous complaint, submitting such forms and letters is insufficient to "satisfy the administrative claim requirement." (ECF No. 21, p. 4). Plaintiff has submitted no additional facts for this Court to conclude in his second amended complaint that his identify theft forms and letters constituted an administrative claim for any EIP "according to the provision of law in the regard, and the [applicable] regulations" as required by 26 U.S.C. § 7422(a). *See Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1091 (9th Cir. 2007) (noting that a taxpayer cannot recover in a refund suit on different grounds than that set forth in the refund claim).

Moreover, there are no allegations that Plaintiff complied with the applicable time

5

limitations. For example, assuming, *arguendo*, that Plaintiff did file an administrative claim, he has provided no information that the applicable time limitations of 26 U.S.C. § 6532(a)(1) were met, which prohibits a lawsuit unless six months have passed after the filing of a claim, unless the Secretary renders a decision within this time. Accordingly, as the District Judge noted with Plaintiff's prior complaint, "the facts alleged are insufficient to determine Plaintiff complied with the requirements of Sections 7422(a) and 6532(a), [and thus] the Court lacks jurisdiction over any claim for EIPs in the form of a tax refund." (ECF No. 21, p. 5).

### IV.  CONCLUSION AND RECOMMENDATIONS

The Court has screened Plaintiff's second amended complaint and concludes that Plaintiff has failed to allege facts sufficient to establish this Court's jurisdiction over Plaintiff's claim. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." However, "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Here, given that Plaintiff has already failed, after being instructed by the District Judge, to allege sufficient allegations regarding the requirements of Sections 7422(a) and 6532(a), further leave to amend would be futile.

Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for lack of jurisdiction and without further leave to amend; and
2. The Clerk of Court be directed to close this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

6

1  Plaintiff is advised that failure to file objections within the specified time may result in the
2  waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing
3  *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 1, 2022**          /s/ Erica P. Grosjean
                                  UNITED STATES MAGISTRATE JUDGE